**GOLDSTONE BROS. v. GREENBERG et al.**

Civ. No. 3433.

United States District Court
W. D. Oklahoma.

April 6, 1949.

954

---

Walter D. Hanson, (of Rittenhouse, Webster, Hanson & Rittenhouse), Oklahoma City, Okl., James M. Naylor (of Naylor & Lassagne), San Francisco, Cal., for plaintiff.

V. J. Bodovitz (of Spiers & Bodovitz), Oklahoma City, Okl., Casper W. Ooms, Chicago, Ill., for defendant.

CHANDLER, District Judge.

This cause having come on regularly for hearing before the Court on March 7th, 8th, 9th and 10th, 1949, Walter D. Hanson, Esq., of Rittenhouse, Webster, Hanson & Rittenhouse, Oklahoma City, Oklahoma, and James M. Naylor, Esq., of Naylor and Lassagne, San Francisco, California, appearing for plaintiff, and V. J. Bodovitz, Esq., of Spiers and Bodivitz, Oklahoma City, Oklahoma, and Casper W. Ooms, Esq., of Chicago, Illinois, appearing for defendants, upon the complaint and answer, and upon oral testimony taken in open court and by depositions and documentary exhibits introduced therein, the cause having been argued orally and submitted, and the Court having orally stated its opinion at the conclusion of the trial, the Court now makes the following findings of fact and conclusions of law:

Findings of Fact.

1. This is a suit brought by Goldstone Bros., a corporation, plaintiff, against Jacob Greenberg and Lurine Greenberg, individuals, and copartners trading under the names and styles of Oklahoma Clothing Manufacturers and Oklahoma Clothing Manufacturing Company, and Oklahoma Clothing Manufacturers, Inc., a corporation, defendants, for trade-mark infringement and unfair competition.

2. (a) Plaintiff is a California corporation.

(b) The individual defendants, Jacob Greenberg and Lurine Greenberg, are citizens of the State of Oklahoma and domiciled in Oklahoma City, Oklahoma; the defendant, Oklahoma Clothing Manufacturers, Inc., is an Oklahoma corporation domiciled in Oklahoma City, Oklahoma.

(c) The amount in controversy exceeds, exclusive of interest and costs, the sum of $3,000.00.

3. For many years and continuously to date, plaintiff, which word as used herein includes the predecessors in the business now owned by plaintiff, has engaged in the manufacture of boys' jeans or pants, which articles have been distributed and sold throughout the United States, including the State of Oklahoma, for many years last past.

4. In the year 1938 plaintiff adopted and commenced using the word "Toughies" as a trade-mark for boys' jeans or pants manufactured and sold by it and plaintiff had continuously used said mark on said goods since the aforesaid date of first use on goods distributed and sold by it in intrastate and interstate commerce.

5. Commencing with sales of said "Toughies" goods in California, in the year 1938, plaintiff's distribution of said goods gradually spread across the country and by the year 1942 substantially all important markets had been reached, with expansion to all states and the District of Columbia an accomplished fact by the year 1947.

6. It is specifically found that plaintiff made sales of its "Toughies" product in the State of Oklahoma as early as the year 1942.

7. Plaintiff's "Toughies" product has been extensively advertised in newspapers throughout the country by advertisements inserted by its retail customers and plaintiff has furthered this promotion of its goods by supplying mats to such customers.

8. The word "Toughies" is, and was at the time of plaintiff's adoption of it, a fanciful and arbitrary word and, when applied to boys' jeans or pants, denotes plaintiff as the origin of such goods.

9. Even if it be assumed, for sake of discussion, that the word "Toughies" originally had some descriptive significance, it is found that the word has been used so long and so exclusively by plaintiff in connection with its boys' jeans or pants that the word has come to mean or indicate only boys' jeans or pants having origin in plaintiff.

10. Defendants adopted and commenced using the word "Tuffies", accompanied by the subordinated geographical expression "out of the West", as a trade-mark for boys' jeans or pants on November 27, 1945, or long after plaintiff had expanded its use of "Toughies" throughout the nation and into the state of Oklahoma.

11. While defendants claim their mark is the unitary phrase "Tuffies out of the West", the evidence, both oral and documentary, shows without doubt that the trade treats the mark as "Tuffies", per se, and the defendants and their retail store customers have used the word "Tuffies", alone, in the advertisement and sale of defendants' goods.

12. If defendants did not have knowledge of plaintiff's use of the "Toughies" trade-mark at the time of commencement of use of "Tuffies", such knowledge could easily have been acquired upon any reasonable inquiry in the trade in view of the then established widespread use and advertisement of plaintiff's "Toughies" goods throughout the country, including defendants' territory.

13. Plaintiff gave defendants written notice of infringement on March 21, 1946, or within approximately four (4) months of defendants' first use of the "Tuffies" mark.

14. Notwithstanding plaintiff's prompt notice of infringement, defendants persisted in the use of "Tuffies" and subsequently expanded the use of the same throughout substantially the entire United States.

15. In some instances defendants have marked their goods with the "Tuffies" mark not accompanied by any indication of the origin of the goods, as evidenced by Exhibits B and C on Defendants' Response to Request for Admissions on file herein.

16. Long after plaintiff's "Toughies" mark was established nationally, defendants effected registration of "Tuffies out of the West" in a number of states wherein plaintiff had priority of use.

17. To avoid the expense of appointing a master to take and state an accounting of defendants' profits, the parties have agreed on a sum therefor.

### Conclusions of Law

1. The Court has jurisdiction of the subject matter and the parties hereto.

2. Plaintiff is entitled to the exclusive use of the word "Toughies" and the same is a valid trade-mark as applied to boys' jeans or pants.

3. Even if there were doubt as to the validity of "Toughies" as a trade-mark for boys' jeans or pants, the same has acquired a secondary meaning in connection with plaintiff's goods.

4. Defendants have infringed plaintiff's rights by using the marks "Tuffies" and "Tuffies out of the West" in connection with the sale of boys' jeans or pants.

5. Were it necessary to afford plaintiff relief in the alternative, the Court would hold that the defendants have been guilty of unfair competition with plaintiff in the use of "Tuffies" and "Tuffies out of the West", as these notations are deceptively similar to plaintiff's "Toughies" mark.

6. Plaintiff is entitled to an injunction restraining defendants' use of the mark "Tuffies" or "Tuffies out of the West" in connection with boys' jeans or pants.

7. Defendants' state registrations of the infringing mark "Tuffies out of the West" are invalid and of no legal force and effect.

8. Plaintiff is entitled to an accounting of defendants' profits for the period commencing with notice of infringement on March 21, 1946.

9. Plaintiff is entitled to its costs incurred in this action.